EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Luis F. García Hernández, su esposa Blanca I. Rodríguez Medina, et als. <br><br> Demandantes-apelados <br><br> v. <br><br> Hormigonera Mayagüezana, Inc. y su compañía de Seguros, etc. <br><br> Demandados-apelantes <br><br> Guirimar Construction Corp., et als. <br><br> Terceros demandados apelados | Certiorari <br><br> 2007 TSPR 149 <br><br> 172 DPR \_\_\_\_ |

Número del Caso: AC-2006-71


Fecha: 9 de agosto de 2007

Tribunal de Apelaciones:

        Región Judicial de Bayamón

Juez Ponente:

        Hon. Andrés Salas Soler

Abogado de la Parte Demandada-Apelante:

        Lcdo. Amancio Arias Guardiola

Abogado de la Parte Demandante-Apelada:

        Lcdo. Ricardo Pascual Villalonga
        Lcdo. Ernesto Roviara Gándara

Abogada de la Parte Terceros Demandados-Apelados:

        Lcda. Brunilda M. Figueroa Nater
        Lcdo. Pablo H. Montaner Cordero


Materia: Presentación de Moción de Determinaciones Adicionales sólo para interrumpir el término para apelar.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Luis F. García Hernández, su
esposa Blanca I. Rodríguez
Medina, *et als.*

    Demandantes-apelados

Hormigonera Mayagüezana, Inc.
y su Compañía de Seguros, etc.       AC-2006-71     APELACIÓN

    Demandados-apelantes

Guirimar Construction Corp.,
*et als.*
    Terceros demandados
    apelados

    OPINIÓN DEL TRIBUNAL EMITIDA POR EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ

San Juan, Puerto Rico, a 9 de agosto de 2007

El 3 de agosto de 2003, Luis F. García Hernández y Blanca L. Rodríguez Medina, por sí y en representación de la sociedad legal de gananciales compuesta por ellos, presentaron una demanda por daños y perjuicios contra, entre otros, Hormigonera Mayagüezana Inc. en el Tribunal de Primera Instancia, Sala de Bayamón.[1] Celebrada la vista en su fondo, el 15 de julio de 2005, el mencionado tribunal sentenció a Hormigonera a pagar,

---

[1] Entre los demás demandados figuran: Royal & Sunalliance Insurance Company, Teddy Rivera Rivera, su esposa, la sociedad de gananciales compuesta por ellos y su compañía de seguros, además de otros demandados de nombres desconocidos. Además, se encuentran como terceros demandados Guirimar Construction Corporation y su aseguradora y la Autoridad de Carreteras y Transportación y su aseguradora, entre otros terceros-demandados de nombres desconocidos.

solidariamente, a los demandantes la cantidad de $985,000 en concepto de indemnización y $25,000 para cubrir las costas y honorarios. Dicha sentencia se notificó el 22 de julio de 2005.

El 29 de julio de 2005, Hormigonera presentó, oportunamente, una moción de determinaciones de hechos adicionales. Los demandantes se opusieron a dicha moción. El 21 de noviembre de 2005, el tribunal de instancia emitió una extensa resolución en la cual declaró sin lugar la solicitud de determinaciones de hechos adicionales. En ella expresó que en su criterio Hormigonera había presentado dicha moción con el único propósito de interrumpir el término para acudir al Tribunal de Apelaciones y por ello, el término apelativo no quedaba interrumpido. Dicha resolución se notificó el 30 de diciembre de 2005.

El 30 de enero de 2006, Hormigonera acudió en apelación ante el Tribunal de Apelaciones. Dicho foro emitió una resolución en la cual ordenó a las partes a expresarse en cuanto a su jurisdicción en el caso. Luego de presentadas las posiciones de las partes, el 23 de marzo de 2006, el Tribunal de Apelaciones emitió una sentencia en la cual sostuvo que la moción de determinaciones de hechos adicionales presentada por Hormigonera no había interrumpido el término para apelar. Por lo tanto, el tribunal apelativo intermedio desestimó el recurso por falta de jurisdicción. Dicha sentencia se notificó el 27 de marzo de 2006.

Hormigonera solicitó la reconsideración de dicha decisión. Luego de numerosos trámites procesales, el 30 de agosto de 2006, el Tribunal de Apelaciones emitió una resolución mediante la cual denegó la moción de reconsideración de Hormigonera. Dicha resolución se notificó el 8 de septiembre del mismo año.

Inconforme, Hormigonera acudió ante este Tribunal mediante recurso de apelación. Adujo que el Tribunal de Apelaciones incidió:

> …al entender que la moción solicitando determinaciones de hechos adicionales presentada por la parte peticionaria no interrumpió el término para apelar y que dicho foro carece de jurisdicción para entender en el recurso de apelación.

O, _en la alternativa_, que el Tribunal de Apelaciones erró:

> …al no determinar que, aún si presume a modo de argumento que la solicitud de determinaciones adicionales de hechos no cumple con los requisitos para ser considerada como tal y que por lo tanto no debe atribuírsele efecto interruptor en cuanto al plazo para apelar, la apelación de todas maneras fue presentada oportunamente.

El 19 de enero de 2007 acogimos la apelación como _certiorari_ y emitimos una Resolución concediéndole a los recurridos veinte días para que mostraran causa por la cual no debíamos expedir el auto solicitado y dictar Sentencia revocatoria de la emitida por foro apelativo intermedio. Con el beneficio de la comparecencia de las partes, procedemos a resolver.

I

Los procedimientos judiciales ante el Tribunal de Primera Instancia finalizan cuando el juez dicta sentencia resolviendo la cuestión ante su consideración. Una vez se notifica y se archiva en autos copia de dicha sentencia, comienza a decursar el término con el cual cuenta la parte perjudicada para acudir en apelación ante el Tribunal de Apelaciones. La Regla 53.1 (c) de Procedimiento Civil dispone que el término para recurrir en apelación es de treinta días contados desde el archivo en autos de copia de la notificación de la sentencia. 32 L.P.R.A. Ap. III. Por otro lado, dicha Regla concede un término de sesenta días para acudir en apelación si alguna de las partes en el pleito es el Estado Libre Asociado de Puerto Rico, sus funcionarios o una de sus instrumentalidades que no fuere una corporación pública. Como es sabido, este término es de carácter jurisdiccional. En otras palabras, transcurrido el término para presentar un escrito de apelación, la sentencia del tribunal de instancia se convierte en final y firme.

Sin embargo, existen mecanismos procesales posteriores a la sentencia que interrumpen el término para acudir ante el Tribunal de Apelaciones. Ejemplo de ello es la moción para solicitar enmiendas o determinaciones iniciales o adicionales. A tenor con la Regla 43.3 de Procedimiento Civil, 32 L.P.R.A. Ap. III, una parte puede solicitar del tribunal que haga enmiendas o determinaciones adicionales

de hechos o de derecho siempre y cuando presente una moción al respecto dentro de los primeros diez días de archivada en autos copia de la sentencia. Dicha moción debe ser notificada a las demás partes dentro del mismo término. El término de notificación es de cumplimiento estricto.

Una vez la parte presenta una moción solicitando enmiendas o determinaciones adicionales se interrumpe el término para acudir al tribunal apelativo. No obstante, la mera presentación de dicha moción no necesariamente interrumpe el término para apelar. El propósito de la Regla 43.3, ante, no es aumentar el término jurisdiccional; ese es un efecto incidental de la Regla. A esos efectos, en Andino v. Topeka Inc., 142 D.P.R. 933 (1997), resolvimos que para que una solicitud de determinaciones adicionales interrumpa el término apelativo,

> no basta que su título exprese que se piden tales determinaciones de hecho o de derecho, sino que debe contener una relación, aunque sea sucinta, de cuáles son los hechos que a juicio del promovente no han sido determinados por el tribunal sentenciador, cuando deben serlo.

Así pues, cuando la parte que solicita determinaciones adicionales de hechos y/o derecho cumple con los requisitos anteriormente expuestos, el término para recurrir en apelación "comenzará a correr nuevamente tan pronto se archive en autos copia de la notificación de las determinaciones y conclusiones solicitadas". Regla 43.4 de Procedimiento Civil, ante.

Por otro lado, hemos resuelto que los tribunales deben ser celosos guardianes de su jurisdicción. Aun en ausencia de un señalamiento a esos efectos por las partes, los tribunales pueden, incluso, considerar dicho asunto *motu proprio*. Juliá Padró v. Vidal, 153 D.P.R. 357 (2001); Vázquez v. A.R.P.E., 128 D.P.R. 153 (1991). Consecuentemente, las cuestiones de jurisdicción deben ser resueltas con preferencia. Si un tribunal se percata que no tiene jurisdicción, tiene que así declararlo y desestimar el caso. Vega Rodríguez v. Telefónica de P.R., res. el 17 de abril de 2002, 2002 TSPR 50; Carattini v. Collazo Systems Analysis Inc., res. el 3 de enero de 2003, 2003 TSPR 1.

II

En el caso hoy ante nuestra consideración, Hormigonera Mayagüezana presentó una moción de determinaciones de hechos que contiene treinta y tres hechos adicionales. El tribunal de instancia emitió una extensa resolución en la cual descartó dicha moción porque los hechos "fueron adjudicados conforme la prueba presentada y la Sentencia del [sic] 15 de julio del [sic] 2005, como también la moción de determinaciones adicionales no corrige errores manifiestos de hechos y derecho." Como expresáramos anteriormente, expresó dicho foro, además, que la intención de Hormigonera al presentar la moción era solamente interrumpir el término y que por esa razón el término para

acudir en apelación no quedaba interrumpido. El Tribunal de Apelaciones, en su sentencia de 23 de marzo de 2006, coincidió con dicha apreciación.

Erraron ambos foros al así resolver. Entre los requisitos que hemos implementado --tanto para las sentencias que emiten los tribunales, como para las mociones que presentan las partes, incluyendo la controversia que hoy nos ocupa-- no existe, ni puede existir, un requisito que imponga la perfección. Nuestra jurisprudencia es clara en cuanto a lo que constituye una correcta moción de determinaciones de hechos adicionales. En cuanto a la Regla 43.3 de Procedimiento Civil, ante, hemos resuelto reiteradamente que lo necesario para que una moción de esta índole sea válida es que las determinaciones solicitadas sean específicas, que incluyan lo que el promovente estime probado y que se funden en cuestiones sustanciales relacionadas con determinaciones de hechos pertinentes o conclusiones de derecho materiales. Véase: Andino v. Topeka, ante.

En ningún momento hemos establecido, como sugieren los foros recurridos, que una moción de determinaciones de hechos adicionales no resulte procedente por razón de que el tribunal de instancia, al aquilatar la prueba, haya "descartado" unos hechos. Obviamente, cuando el tribunal de instancia emite una sentencia, ha ponderado y analizado todos los hechos y el derecho del caso ante su consideración. Ilógico, entonces, sería avalar el argumento

de los foros recurridos de que la moción de determinaciones adicionales de hechos es improcedente a tenor con nuestro ordenamiento jurídico porque el tribunal ya había considerado, y descartado, los hechos propuestos en la referida moción.

Ese es, precisamente, el propósito de la moción de determinaciones adicionales de hecho: solicitar que se incluyan en la sentencia hechos adicionales que la parte estimó probados --por haber formado parte de la prueba desfilada y considerada por el juez-- y que no surgen de la sentencia. Por ello es imposible que una parte solicite hechos adicionales que el tribunal no haya previamente considerado o ponderado, como intiman los foros recurridos. Ello implicaría el absurdo de que la parte solicite hechos adicionales que no son parte de la controversia o que no tienen nada que ver con el caso ante la consideración del tribunal de instancia. Ciertamente, la posición de los foros recurridos no puede subsistir.

Por otro lado, el tribunal de instancia expresó que era del criterio que la intención de Hormigonera, al presentar la moción de determinaciones de hechos adicionales, era interrumpir el término para recurrir en apelación. Los tribunales de instancia no deben entrar en la consideración de este aspecto y descartar los requisitos que hemos establecido en relación con la aplicación de la referida moción. Hemos resuelto, ciertamente, que la moción de determinaciones de hechos adicionales no tiene el

propósito de aumentar el término para acudir en apelación. _Andino_ v. _Topeka_, ante. Ello no obstante, <u>si la moción radicada cumple con los requisitos que hemos establecido jurisprudencialmente, el término para apelar se interrumpe independientemente de la supuesta intención de la parte al presentarla</u>.

Por lo tanto, examinada la moción de determinaciones de hechos adicionales presentada por Hormigonera, somos del criterio que dicha moción resulta <u>procedente</u> en derecho. Si bien es correcto que alguna de las determinaciones de hechos solicitadas ya formaban parte de la sentencia emitida por el tribunal de instancia, <u>en la moción se propusieron hechos específicos que no se habían incluido en dicha sentencia</u>. Una lectura de las determinaciones de hechos adicionales solicitadas nos persuade de que éstas eran pertinentes al caso, por lo que podrían hacer de la sentencia una más completa y mejor formulada, precisamente uno de los propósitos para solicitar las determinaciones de hechos adicionales.

De todas maneras, si el tribunal de instancia entendía que no resultaba procedente acoger ninguna de las determinaciones de hechos propuestas por Hormigonera, ello no convertía la moción de determinaciones adicionales de hechos en ineficaz. Después de todo, los tribunales no están obligados a hacer determinaciones de hechos y de derecho adicionales, sólo porque una parte así lo solicite

mediante moción. <u>Blás</u> v. <u>Hosp. Guadalupe</u>, 146 D.P.R. 267 (1998).


                                III

        Recapitulando: el 29 de julio de 2005, Hormigonera presentó oportunamente una moción de determinaciones de hechos adicionales. El 21 de noviembre de 2005, el tribunal de instancia emitió resolución mediante la cual declaró no ha lugar la moción de Hormigonera. Dicha resolución se notificó el 30 de diciembre de 2005. Por consiguiente, la apelación presentada el 30 de enero de 2006 <u>estaba en tiempo</u>.[2]

        Por los fundamentos antes expuestos, procede <u>revocar</u> la sentencia emitida por el Tribunal de Apelaciones y devolver el caso a dicho foro para que continúen los procedimientos.[3]

        Se dictará Sentencia de conformidad.



                        FRANCISCO REBOLLO LÓPEZ
                             Juez Asociado



----

[2] El 29 de enero de 2006, fecha en que se cumplieron los treinta (30) días, era domingo; por tanto, el término se extendió hasta el lunes 30 de enero de 2006.

[3] Debido al resultado al cual hemos llegado en la presente ponencia, resulta innecesario discutir el segundo error señalado por Hormigonera.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Luis F. García Hernández, su
esposa Blanca I. Rodríguez
Medina, *et als.*

    Demandantes-apelados

Hormigonera Mayagüezana, Inc.
y su Compañía de Seguros, etc.      AC-2006-71     APELACIÓN

    Demandados-apelantes

Guirimar Construction Corp.,
*et als.*
    Terceros demandados
    apelados

SENTENCIA

San Juan, Puerto Rico, a 9 de agosto de 2007

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia revocatoria de la emitida por el Tribunal de Apelaciones en el presente caso; devolviéndose el mismo a dicho foro para que continúen los procedimientos.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo, Interina. Los Jueces Asociados señor Fuster Berlingeri y señora Rodríguez Rodríguez no intervinieron.

Dimarie Alicea Lozada
Secretaria del Tribunal Supremo, Interina